IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
BOSTON DIVISION

| | | |
|---|---|---|
| **MICHELLE BROWN ,** § | | |
| § | | |
| **Plaintiff,** § | | |
| § | | |
| v. § | Civil Action No.: 1:24-CV-12962 | |
| § | | |
| **ROCKET MORTGAGE, LLC** § | | |
| **and WILLIAM HAYDEN BROWN.** § | | |
| § | | |
| § | | |
| **Defendants.** | | |

**FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS PROPOUNDED BY DEFENDANT, ROCKET MORTGAGE, LLC, TO THE PLAINTIFF**

Defendant, Rocket Mortgage, LLC ("Rocket") propounds the following requests for documents to the Plaintiffs, Michelle Brown, to be answered under oath and otherwise complied with by designating a time and place at which the following documents will be made available for Rocket's inspection and reproduction in accordance with Rule 34 of the Federal Rules of Civil Procedure, <u>or</u> by mailing true copies of such documents to Defendants' counsel, John S. McNicholas, Esq., Korde & Associates, P.C., 900 Chelmsford Street, 4th Floor, Lowell, MA 01851, within THIRTY (30) days from the date of service hereof.

**DEFINITIONS**

Whenever the term "and/or" is used herein, the information called for should be set forth both in the conjunction and disjunctive and wherever the information is set out in the disjunction, it should be given separately for each and every element sought.

The term "**correspondence**" includes emails and other forms of written communication.

The term "**document or documents**" when used herein shall mean all original writings of any nature whatsoever and all non-identical copies thereof in your possession, custody or control

1

regardless of where located and includes, but is not limited to, all papers, books, documents, records, checks, files, receipts, writings, drawings, memoranda, letters (sent or received), contracts (including original documents), invoices, repair orders and/or tickets, purchase orders, photographs, discs, tape recordings of any sort and any log and/or transcript thereof, reports, studies, summaries, minutes, notes, agenda, bulletins, notices, announcements, instructions, charts, manuals, brochures, schedules, price lists, telegrams, teletypes, faxes, electronic data, emails, text messages, computer files, and any other documents, including drafts and all copies thereof where applicable. In all cases where original and/or non-identical copies are not available, "documents" also means identical copies of original documents and copies of non-identical copies.

When a request for production identifies or describes a document to be produced, such request shall mean all original writings of any nature whatsoever and all non-identical copies thereof in your possession, custody or control regardless of where located and includes, but is not limited to, all papers, books, documents, records, checks, files, receipts, writings, drawings, memoranda, letters (sent or received), contracts (including original documents), invoices, repair orders and/or tickets, purchase orders, photographs, discs, tape recordings or any sort and any log and/or transcript thereof, reports, studies, summaries, minutes, notes, agenda, bulletins, notices, announcements, instructions, charts, manuals, brochures, schedules, price lists, telegrams, teletypes, faxes, electronic data, emails, computer files, and any other documents, including drafts and all copies thereof where applicable. In all cases where original and/or non-identical copies are not available, the request includes identical copies of original documents and copies of non-identical copies.

The term "**identity**" or "**identification**" when used herein: (a) in reference to an individual person means to state such person's full name, residence, address and present or last known

business affiliation; and (b) in reference to a document means to state the type of document (e.g., letter, memorandum, fax, chart, disc, email, notes, tape recording, etc.) or some other means of identifying it and its present location or custodian, its date, the identity of its author(s), sender(s), recipient(s) and to whom it is addressed, its format, its title, its number of pages and a complete summary of its contents. If any such document was, but is no longer, in your possession or subject to your control, state what disposition was made of it and the name and address of the individual or entity in whose control or possession it is and/or subsequently was.

The term "**Complaint**" shall refer to the "Complaint" filed by the Plaintiffs in above-captioned matter in the Essex County Superior Court on or about October 17, 2024.

The term "**Note**" shall refer to that certain promissory Note given by the Plaintiff, Michelle Brown, to Quicken Loans Inc. (now known as Rocket Mortgage, LLC). in the original principal amount of $381,816.00 dated May 10, 2016.

The term "**Mortgage**" refers to the mortgage given by the Plaintiffs to Mortgage Electronic Registration Systems, Inc. as nominee for Quicken Loans Inc. in the original principal amount of $381,816.00 dated May 10, 2016, encumbering the Property and recorded with the Essex South County Registry of Deeds in Book 34910, Page 318.

The term "**Loan**" shall refer to the mortgage loan account evidenced by the terms of the Promissory Note and Mortgage.

The term "**Property**" shall refer to the real estate known and numbered as 4R Lindsey Street, Marblehead, Massachusetts.

The terms "**servicer**" and "**sub-servicer**" refer to any person or entity to whom you made one or more payments on the Loan, issued you monthly or periodic statements of amounts due on the Loan and/or issued you year-end mortgage interest statements, IRS Form 1098 in connection

with the Loan.

The term "**you**" or "**yours**" refers to each person to which this document is addressed and it shall be construed to mean not only the party answering in his, her, their or its own right, but shall also mean his, her, their or its agents, principals, advisors, attorneys or other representatives and all other persons acting on behalf of the answering party.

"**Rocket"** shall refer to Rocket Mortgage, LLC as well as to its predecessors-in-interest, Quicken Loans, LLC and Quicken Loans Inc and any attorney representing such entities.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1. All applications for loss mitigation submitted by you to Rocket in connection with the Loan.

2. All correspondence relating to the Loan and sent by you to Rocket on or after January 1, 2022.

3. All correspondence received by you from Rocket or any attorney representing Rocket relating to the Loan since January 1, 2022, in any way related to loss mitigation solicitations, loss mitigation applications, loan modifications, short sales, deed(s)-in-lieu of foreclosure or other forms of loss mitigation.

4. All letters of representation relating to the Loan sent by an attorney acting or purporting to act on your behalf to Rocket since May 10, 2016.

5. All documents containing an account of or otherwise memorializing the substance of telephone conversations you have had with Rocket since June 1, 2022.

6. All documents you contend support the allegations contained in paragraph no. 43 of the Complaint.

7. All. documents you contend support the allegations contained in paragraph no. 46 of the Complaint.

8. All documents containing or constituting evidence of payments made by you on the Loan since June 1, 2022.

9. All documents containing or constituting evidence of payments made by you directly to the Town of Marblehead for real estate taxes assessed by the Town on the Property since January 1, 2022.

10. All documents containing or constituting evidence of payment made by you since January 1, 2022, directly to your hazard insurance carrier or insurance agent for premiums charged in connection with the maintenance of hazard insurance on the Property.

11. To the extent not already produced in connection with a previous production request contained herein, all documents evidencing or relating to the "improper negative reporting to credit bureaus" cited by you in paragraph no. 46 of the Complaint.

12. All periodic statements or other documents evidencing balances maintained in any bank account, investment account, individual retirement account, 401K plan or other retirement account, owned in whole or in part by you for all or any portion of the period commencing January 1, 2023, through January 31, 2024.

13. All periodic statements or other documents evidencing balances maintained in any bank account, investment account, individual retirement account, 401K plan or other retirement account, owned in whole or in part by you for all or any portion of the period commencing February 1, 2024, through February 28, 2025.

Date:   February 28, 2025

                                                Rocket Mortgage LLC
By its Attorney

*/s/ John S. McNicholas*
John S. McNicholas, Esq.
BBO # 546542
Korde & Associates, P.C.
900 Chelmsford Street, 4th Floor
Lowell, MA 01851
(978) 256-1500
jmcnicholas@kordeassociates.com

## CERTIFICATE OF SERVICE

I hereby certify that I served a true copy of the Plaintiff's First Set of Requests for Production of Documents Propounded Upon the Plaintiff, Michelle Brown upon:

Todd S. Dion, Esq. BBO# 659109
15 Cottage Avenue, Ste 202
Quincy, MA 02169
(401) 965-4131
toddsdion@msn.com

Peter V. Guaetta, Esq.
Guaetta and Benson LLC
PO Box 519
Chelmsford, MA 01824
Peter_gueatta@gueattalw.com

via first class mail and via email at the email addresses noted above on this 28th day of February, 2025.

*/s/ John S. McNicholas*
John S. McNicholas, Esq., BBO # 564542